**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FAREED SEPEHRY-FARD©,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANTA CLARA COUNTY COURT, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-02665-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION татаTO DISMISS WITHOUT LEAVE TO AMEND; DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>[Re: ECF 28, 29] |

Before the Court are two related motions: Defendants' Motion to Dismiss Without Leave to Amend Plaintiff's First Amended Complaint for Lack of Jurisdiction under the Eleventh Amendment and Failure to State a Claim, *see* ECF 28; and Plaintiff's Motion to Strike Defendants' motion to dismiss pursuant to Civil Local Rule 7-5(a), *see* ECF 29. The Court previously ruled that both motions would be determined without oral argument. *See* ECF 37; ECF 41. For the reasons stated below, Plaintiff's Motion to Strike ("MTS") at ECF 29 is DENIED; and Defendants' Motion to Dismiss ("MTD") at ECF 28 is GRANTED without leave to amend.

**I.　BACKGROUND**

On June 16, 2018, Plaintiff Fareed Sepehry-Fard© ("Plaintiff") filed a first amended complaint against Defendants Superior Court of California, County of Santa Clara ("the Superior Court"), Lisa Herrick ("Herrick") and Benjamin Rada ("Rada") (collectively, "the Defendants"), alleging five causes of action:

(1) Violation of 5 U.S.C. § 552 and California Public Records Act § 6250 et seq.;

(2) Violation of 42 U.S.C. § 1981;

(3) Violation of 42 U.S.C. § 1983;

(4) Violation of 42 U.S.C. § 1985; and

(5) Violation of 42 U.S.C. § 1986.

*See* First Amended Complaint ("FAC") ¶¶ 39–59, ECF 21.

Defendant Herrick is General Counsel for the Superior Court. FAC ¶ 13; MTD at 3. Defendant Rada is the Public Affairs Liaison for the Superior Court. FAC ¶ 16; MTD at 3. Defendants Herrick and Rada are sued in both their official and individual capacities. FAC ¶¶ 1, 13, 16.

Plaintiff's complaint is based on Defendants' alleged failure to provide Plaintiff with documents requested under the Freedom of Information Act[1] ("FOIA") and California Public Records Act ("CPRA"). FAC ¶¶ 20–24. Plaintiff alleges that pursuant to FOIA and CPRA, Plaintiff "demanded that the Defendants furnish to Plaintiff, the name of the company and amount of any Bond, Liability Insurance, Errors and Omissions and Re Insurance [sic] for [Defendant Superior Court]." FAC ¶ 20. Plaintiff contends that because of Defendants' alleged failure to provide the requested documents, Plaintiff "has been economically, physically and emotionally damaged in an amount of no less than Fifteen Million Dollars ($15,000,000)." FAC ¶ 25.

## II. LEGAL STANDARD

### A. Civil Local Rule 7-5(a)

Under Civil Local Rule 7-5(a), "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Civ. L.R. 7-5(a). At the motion to dismiss stage, the word "alleged" is properly used to describe a plaintiff's factual allegations that must be "taken as true and construed in the light most favorable to the nonmoving party" for purposes of a motion to dismiss. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).

### B. Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, a federal court has an independent obligation to insure that it has subject matter jurisdiction over a matter. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(1), which challenges a court's subject matter jurisdiction over a claim, the burden is on the

---

[1] 5 U.S.C. § 552.

plaintiff, as the party asserting jurisdiction, to establish that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377. A facial jurisdictional challenge, as advanced here, asserts that even if assumed true, "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

### C. Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

### A. Plaintiff's Motion to Strike (ECF 29)

Plaintiff moves to strike Defendants' motion to dismiss pursuant to Civil Local Rule 7-5(a) on the grounds that "factual contentions made in support of Defendants' motion to dismiss . . . have [not] been supported by an affidavit or declaration." MTS at 2, ECF 29. However, Plaintiff fails to identify even a single "factual contention" that would require such support. *See id.* To the extent Plaintiff is referring to "factual allegations" raised by Plaintiff but discussed by Defendants, such allegations are "taken as true and construed in the light most favorable to the nonmoving party" for purposes of a motion to dismiss, and do not require authentication by Defendants. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Thus, the Court finds Plaintiff's motion to strike pursuant to Civil Local Rule 7-5(a) unwarranted.

Plaintiff further argues that Defendants' motion to dismiss contains "irrelevant, false or

improper matters." *See* MTS at 4. However, as pointed out by Defendants, *see* Opp'n to MTS at 2, ECF 33, Plaintiff again fails to identify any statements that purportedly fall into this category. Moreover, a motion to dismiss is not a pleading, and thus not subject to a motion to strike under Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Finally, Plaintiff's additional arguments—e.g., attacking the legality of the Superior Court as an establishment—are not properly contained within Plaintiff's Motion to Strike and necessarily fail, the lack of merit aside. In sum, Plaintiff's Motion to Strike at ECF 29 is DENIED.

### B. Defendants' Motion to Dismiss (ECF 28)

Defendants argue that Plaintiff's first amended complaint should be dismissed because (1) Plaintiff's claims against the Defendants (including Defendants Herrick and Rada in their official capacities) are barred in federal court under the Eleventh Amendment; and (2) Plaintiff has failed to allege sufficient facts to state a claim for relief against Defendants Herrick and Rada in their individual capacities. *See* MTD at 3, ECF 28. Defendants also assert that the "defects in Plaintiff's FAC are incurable," warranting dismissal without leave to amend. *Id.* The Court addresses each issue in turn.

#### 1. Immunity under the Eleventh Amendment

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). "It does not, however, bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133–34 (9th Cir. 2012) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908) and *Alden v. Maine*, 527 U.S. 706, 747 (1999)). Sovereign immunity under the Eleventh Amendment circumscribes a federal court's jurisdiction and must generally be resolved before reaching the merits of a case. *Id.* at 1133

4

1   (citing *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999)).

2       The Superior Court is an arm of the State of California for purposes of the Eleventh
3   Amendment. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir.
4   2003). Indeed, as stated by the Ninth Circuit, a "[p]laintiff cannot state a claim against the []
5   Superior Court (or its employees), because such suits are barred by the Eleventh Amendment." *Id.*
6   (addressing § 1983 claim against the Superior Court of Sacramento County). Although the
7   Eleventh Amendment is inapplicable where the plaintiff can establish that the State waived its
8   immunity or Congress has exercised its power under the Fourteenth Amendment to override the
9   immunity set forth in the Eleventh Amendment, *see Will v. Michigan Dept. of State Police*, 491
10  U.S. 58, 66 (1989), Plaintiff's FAC fails to state a claim under any statute where the State waived
11  its immunity or Congress so acted. Accordingly, Plaintiff's claims against the Superior Court and
12  Defendants Herrick and Rada in their official capacities are barred.

13      Plaintiff asserts that *Ex parte Young* applies to Plaintiff's request for injunctive relief
14  against Defendants Herrick and Rada, in their role as state officials. *See* Opp'n at MTD at 5, ECF
15  30. The Court disagrees. "In determining whether the doctrine of *Ex parte Young* avoids an
16  Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into
17  whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly
18  characterized as prospective.'" *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*,
19  535 U.S. 635, 645 (2002) (internal citation omitted). A claim in federal court seeking to force a
20  state agency to disclose records under FOIA cannot succeed. *See Unt v. Aerospace Corp.*, 765
21  F.2d 1440, 1447 (9th Cir. 1985) ("The private right of civil action created by [FOIA] is
22  specifically limited to actions against agencies of the United States Government."). Thus here,
23  FOIA is inapplicable to the state Defendants, and therefore, does not provide a basis for an
24  exception to the *Ex parte Young* doctrine.

25      Finally, to the extent Plaintiff alleges due process violation under 42 U.S.C. § 1983 based
26  on deficiencies of CPRA, the *Ex parte Young* doctrine still does not apply. A plaintiff cannot, as a
27  matter of law, state a due process claim under § 1983 based "*solely* . . . [on a contention that a law]
28  is invalid under state law." *Lone Star v. City of Los Angeles*, 584 F.3d 1232, 1236 (9th Cir. 2009)

(emphasis in original). In sum, the Court dismisses Plaintiff's claims against the Superior Court and Defendants Herrick and Rada in their official capacities under Rule 12(b)(1) for lack of subject matter jurisdiction.

### 2. Failure to State a Claim Upon Which Relief can be Granted

Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted against Defendants Herrick and Rada in their individual capacities. *See* MTD at 3, ECF 28. The Court agrees. First, as previously discussed, FOIA is inapplicable to the State or its employees, *see Unt*, 765 F.2d at 1447, and thus Plaintiff's FOIA claim does not give rise to relief which can be granted. Second, Plaintiff's claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, based on an alleged violation of CPRA, fail because they do not plausibly show deprivation of a federal right. *See, e.g.*, *OSU Student Alliance v. Ray*, 699 F.3d 1053 (9th Cir. 2012) ("To state a claim under § 1983 against state officials in their individual capacities, a plaintiff must plead that the officials, acting under color of state law, caused the deprivation of a federal right.") (internal quotation and citation omitted). Plaintiff contends that Herrick and Rada's alleged failure to provide Plaintiff with the documents requested violated Plaintiff's federal due process rights. *See* Opp'n to MTD at 6, ECF 30. However, the guarantees of federal due process "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314, 1316 (9th Cir. 1993). Taking Plaintiff's factual allegations as true and construing them in the light most favorable to plaintiff, the Court finds no such "protected liberty or property interest" at stake here. *Id.* Third, and lastly, a stand-alone alleged violation of CPRA—a state law—does not provide a basis for federal court jurisdiction. Accordingly, the Court finds that Plaintiff has failed to state a claim against Defendants Herrick and Rada upon which relief can be granted.

### 3. Dismissal Without Leave to Amend

Although leave to amend should be freely given, the Court is not required to grant leave to amend if the Court determines that permitting amendment would be an exercise in futility. *See, Enriquez v. Aurora Loan Servs.*, *LLC*, 509 F. App'x 607, 608 (9th Cir. 2013); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment

would be futile."). Because it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief, the Court finds that any amendment would be futile. Accordingly, the dismissal shall be with prejudice except as to a claim for violation of CPRA based on state law which is dismissed without prejudice to filing in state court.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike at ECF 29 is DENIED; and Defendants' Motion to Dismiss at ECF 28 is GRANTED WITHOUT LEAVE TO AMEND. The case management conference set for January 10, 2019, is hereby VACATED. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: November 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge