UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD[©], <br> Plaintiff, <br> v. <br> SANTA CLARA COUNTY COURT, et al., <br> Defendants. | Case No. 18-cv-02665-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** <br><br> [Re: ECF 44] |

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motion to Dismiss Without Leave to Amend (ECF 42). *See* ECF 44. Pursuant to Civil Local Rule 7-1(b), the Court finds Plaintiff's motion suitable for submission without oral argument. For the reasons stated below, Plaintiff's Motion for Reconsideration ("MFR") is DENIED.

I. **BACKGROUND**

Plaintiff Fareed Sepehry-Fard[©] ("Plaintiff") brought this action against Defendants Superior Court of California, County of Santa Clara ("the Superior Court"), Lisa Herrick ("Herrick") and Benjamin Rada ("Rada") (collectively, "the Defendants"), alleging violations of the Freedom of Information Act[1] ("FOIA") and California Public Records Act ("CPRA"). *See* First Amended Complaint ("FAC") ¶¶ 20–24, 39–59, ECF 21. The Court found Plaintiff's claims against the Superior Court and Defendants Herrick and Rada in their official capacities barred under the Eleventh Amendment and that the *Ex parte Young* doctrine did not apply. *See* ECF 42 at 5–6. The Court also found that Plaintiff failed to state a claim against Defendants Herrick and Rada in their individual capacities upon which relief could be granted because FOIA is

---

[1] 5 U.S.C. § 552.

inapplicable to the State or its employees and because Plaintiff's federal civil rights claims did not plausibly show deprivation of a federal right. *See id.* at 6. The Court dismissed Plaintiff's claims with prejudice except as to a claim for violation of CPRA based on state law which was dismissed without prejudice to filing in state court. *Id.* at 7. The Court entered Judgment accordingly. *See* ECF 43. In addition, the Court denied Plaintiff's Motion to Strike Defendant's Motion to Dismiss (ECF 37) for failure to identify any basis upon which to strike Defendant's motion. *See* ECF 42 at 3–4.

The present motion followed. The Court construes Plaintiff's Motion for Reconsideration as being filed pursuant to Federal Rule of Civil Procedure 59(e). *See* MFR at 1 (citing Rule 59(e) and quoting the applicable standard under Rule 59(e)).

## II. LEGAL STANDARD

A court can, pursuant to Federal Rule of Civil Procedure 59(e), alter or amend a judgment upon a showing of one of four grounds: "(1) the motion is necessary to correct manifest errors of law or fact; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and citation omitted). A motion brought under Rule 59 is not an opportunity for a party to re-litigate the claims that were before the Court prior to judgment, but is instead an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation and citation omitted) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," and should not be granted "absent highly unusual circumstances.").

## III. DISCUSSION

Plaintiff argues that (1) the Court incorrectly denied Plaintiff's motion to strike; and (2) the Court made a jurisdictional error in dismissing Plaintiff's claims. *See* MFR at 2–4, 9–11. Plaintiff also "demands a grand jury proceeding." MFR at 8. For the reasons discussed below, Plaintiff's motion is DENIED.

2

Plaintiff's Motion for Reconsideration is based the argument that the Court incorrectly applied or interpreted the Civil Local Rules, Federal Rules of Civil Procedure, and federal law. However, Plaintiff has identified no "newly discovered or previously unavailable evidence" or "intervening change in controlling law" that would provide a basis for the Court to reconsider its Dismissal Order under Rule 12(b)(1), Rule 12(b)(6), or any other authority relied on by the Court. *See Turner*, 338 F.3d at 1063. Nor has Plaintiff demonstrated that reconsideration is necessary "to correct manifest errors of law or fact" or "to prevent manifest injustice." *See id.* Instead, Plaintiff's motion is essentially an unallowable attempt to re-litigate the claims before the Court prior to judgment. *See Kona*, 229 F.3d at 890. Plaintiff also appears to argue that it is improper for the Court to refer to itself as "the Court." *See* MFR at 2–3. This argument is not a basis for reconsideration and has no merit.

Furthermore, the Court finds that Plaintiff's arguments could have been raised earlier in the litigation, and in any event, do not amount to "highly unusual circumstances" that would warrant reconsideration. *See Kona*, 229 F.3d at 890. In sum, the Court finds that Plaintiff's arguments fail to satisfy any of the four factors in *Turner*, or the "highly unusual circumstances" standard in *Kona*. Accordingly, Plaintiff's Motion for Reconsideration at ECF 44 is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED. The corresponding hearing set for April 25, 2019, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: January 7, 2019

_____
BETH LABSON FREEMAN
United States District Judge